UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL J. DEVLIN, JR.            CIVIL ACTION

VERSUS                           NO. 03-2786

UNITED STATES OF AMERICA, ET AL     SECTION "C" (5)

ORDER AND REASONS

    This matter comes before the Court on motion for summary judgment, alternatively motion to dismiss filed by the defendant, United States of America. Having considered the record, the memoranda of counsel and the law, the Court has determined that summary judgment is inappropriate for the following reasons.

    The plaintiff, Michael Devlin, Jr. ("Devlin"), filed suit for personal injuries allegedly sustained while at the Veterans Administration ("VA") Hospital in New Orleans on two separate occasions. The first involved complaints of ear pain on December 29, 1999, with blood being drawn from his left arm. The second occurred after the plaintiff knocked his left elbow in the shower at 2:00 a.m on December 20, 1999, felt his hand begin to go numb

1

and went to West Jefferson ("West Jefferson") Hospital's emergency room for treatment.  After being diagnosed for cellulitis/phlebitis in the left arm by James W. Callaghan, M.D. ("Callaghan") and discharged by West Jefferson, the plaintiff immediately went to the VA Hospital's emergency room, at approximately 7:00 a.m. complaining of pain in his left arm.  His condition was assessed by a vascular surgeon at the VA at 10:15 a.m., and he was taken to surgery at 11:05 a.m., which revealed a "thrombus of left radial artery."  Portions of the plaintiff's left hand were subsequently lost.

The United States moves for summary judgment on the allegedly undisputed facts that the plaintiff can not prove, as a matter of law, that the manner in which blood was drawn at the first VA visit caused or contributed to his damages.  It next argues that the plaintiff can not prove that the treatment he received on his second VA visit caused or contributed to the loss.  Specifically, the VA argues that the report of the plaintiff's expert, Perry Shoor, M.D., falls short of proving a specific cause in fact of the plaintiff's injuries.  It also argues that the doctrine of *res ipsa loquitur* does not apply because one of the VA treating surgeons, Michael Pappas, M.D., was able to examine the affected area during surgery and did not find injury that could have caused the loss, and because the arm

was already damaged when the plaintiff reappeared at the VA emergency room.

Devlin, Callaghan and Callaghan's insurer, Louisiana Medical Mutual Insurance Company (collectively "Callaghan"), oppose the motion. Devlin argues that its expert, Dr. Shoor, provides sufficient proof in his report:

> Although the records of Mr. Devlin's visit to the VA Hospital the evening before have apparently been misplaced, it is a medical probability that during attempts at blood draws in Mr. Devlin's left anticubital fossa and wrist areas, an injury occurred that resulted in subsequent damage to Mr. Devlin's left hands. Although, without the medical records of his initial VA Hospital visit (12/29/99), it is not possible to specifically state the causative incident, there is no doubt that the injury occurred that evening at the VA Hospital.
>
> An injury severe enough to result in ischemic loss of most of Mr. Devlin's left hand would be below the standard of care during an attempt at blood draws.
>
> Additionally, given the fact that the severity of the ischemic process involving Mr. Devlin's left hand was recognized upon arrival at the VA Hospital in the morning of December 30th, the three plus hours before vascular surgical evaluation and treatment substantially added to the likelihood of irreversible ischemic damage.

(Rec. Doc. 104, Exh. P-24; Rec. Doc. 70, Exh. G).

Devlin argues that none of the doctors have been able to identify the specific cause of the loss because the VA medical records for the first visit have been lost, and notes that even the VA's own expert, Julius Levy, M.D., testified in deposition that the blood draws were just as plausible an explanation of the

3

loss as any other.  (Rec. Doc. 104, Exh. P-10, Levy Depo. pp. 48-50).  Devlin also argues that Dr. Pappas and Dr. Levy have testified that the bump to the elbow in the shower would not have caused the injury.  (Rec. Doc. 70, Exh. F, Depo. Pappas, p. 228; Rec. Doc. 104, Exh. P-10, Levy Depo. p. 41).  Dr. Callaghan joins Devlin in opposition based on the opinion of Dr. Shoor.[1]

Claims against the VA arise under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, 2674, "in accordance with the law of the place where the act or omission occurred," making Louisiana law of negligence and medical malpractice apply.  Under Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the plaintiff on summary judgment must make a showing sufficient to establish the existence of each essential element essential to his claim and on which the plaintiff will bear the burden of proof at trial.

This motion presents a close issue in light of the evidence actually presented by the plaintiff, especially when the precise contents of Dr. Shoor's report are viewed in conjunction with the treating surgeons' testimony.  Most of the government's

---

[1] Dr. Callaghan also argues in opposition that Medical Review Panel investigating Dr. Callaghan found that the VA breached the standard of care.  The documents presented in conjunction with this motion appear to indicate that the Medical Review Panel was not investigating the VA and that the comment upon which Dr. Callaghan relies was tangential to that investigation.  (Rec. Doc. 105, p. 8; Rec. Doc. 104, Exhs. P-17 & P-25).

4

challenge, however, goes to the weight to be given Dr. Shoor's report, not its content. The bare requisites under Celotex appear to be in the report with regard to the first VA visit, regardless of the plaintiff's ultimate prospects of prevailing on a theory that a blood draw can cause a person to lost a hand by a preponderance of the evidence. Similarly, even the treating VA doctors admitted that time was critical to the success of any vascular treatment with regard to the second VA visit, so as to preclude summary judgment on the second claim.

In light of this conclusion, the Court need not address the applicability of *res ipsa loquitur* at this time. This doctrine permits the inference of negligence from the evidence and assists the plaintiff in presenting a prima facie case. Cangelosi v. Our Lady of the Lake Regional Medical Center, 564 So.2d 654 (La. 1989). In order to be applicable, the plaintiff must present evidence which indicates at least a probability that the injury would not have occurred without negligence, that the conduct of the plaintiff or of a third party was sufficiently eliminated by evidence as the more probable cause of the injury, and that the alleged negligence was within the scope of the defendant's duty to the plaintiff. Id., 564 So.2d at 654; Lucas v. St. Frances Cabrinin Hospital, 562 So.2d 999 (La. App. 3d Cir. 1990).

Accordingly,

5

IT IS ORDERED that the motion for summary judgment, alternatively motion to dismiss filed by the defendant, United States of America is DENIED.

New Orleans, Louisiana, this 21st day of February, 2006.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT COURT